■ In the Matter of CONSOLIDATED CLAIMS, LIMITED, et al., Respondents, v. WORKMEN'S COMPENSATION BOARD OF THE STATE OF NEW YORK, Appellant.— Judgment, Supreme Court, New York County, entered January 18, 1973, *inter alia,* annulling respondent-appellant's prior determination refusing to grant licenses to petitioners to represent self-insurers, unanimously reversed, on the law, and vacated, and the petition dismissed. Appellant shall recover of respondents $60 costs and disbursements of this appeal. The board's refusal to grant licenses to insurance companies and wholly-owned subsidiaries of insurance companies licensed to write both public liability and workmen's compensation policies was predicated on the provisions of subdivision 3-b of section 50 of the Workmen's Compensation Law and the regulations promulgated to implement said statute (12 NYCRR 302–1.1 *et seq.*). Insofar as pertinent to this proceeding the statute provides that: only nonattorneys who have obtained a license from the board may represent self-insurers before said board; and said license shall be issued in accordance with rules established by the board, which may provide for their issuance only upon such proof of character and fitness as it may deem necessary. The board's applicable rule (12 NYCRR 302–1.1[c]) requires licensees (except those previously licensed, who are authorized to continue representing the same carriers) to limit their practice to the representation of self-insurers. After a committee of the board conducted a public hearing on the question of insurance carriers' rights to represent self-

insurers, it recommended denial of such applications because, among other reasons, serious questions of conflict of interest might arise and no evidence of any benefit to the public was shown. The full board adopted its committee's recommendations. Special Term held that appellant exceeded its powers in denying such licenses to a class of applicants such as petitioners and those similarly situated. We disagree. Since a hearing was not required by statute, judicial review of appellant's action is limited to determining whether it was arbitrary or capricious. (*Matter of Fink* v. *Cole,* 1 N Y 2d 48.) Petitioners do not contest the validity of the above-cited rule. Instead, they argue that the board has improperly interpreted it. The regulation of the board, prohibiting representatives of self-insurers from engaging in any other practice, evidences its understanding of subdivision 3-b of section 50 of the Workmen's Compensation Law, and of the long-standing and salutary policy of separation of the workmen's compensation functions. No "weighty reasons" have been submitted requiring judicial disturbance of such interpretation. (*Matter of Luxenberg* v. *Stichman,* 2 A D 2d 605, 607.) Petitioners' reliance on section 85-a of the Insurance Law is misplaced. The additional activities now permitted insurance carriers and their subsidiaries, including the rendering of services related to claims, does not encompass the representation of self-insurers by carriers before the Workmen's Compensation Board. Concur — Stevens, P. J., Nunez, Kupferman, Murphy and Lane, JJ.